**UNITED STATES of America ex rel. TENNESSEE VALLEY AUTHORITY, Plaintiff,**

v.

**17.0 ACRES, MORE OR LESS, AND A ROAD EASEMENT AND RIGHT-OF-WAY CONTAINING 0.19 ACRE, MORE OR LESS, BOTH TRACTS IN FRANKLIN COUNTY, TENNESSEE,**

**C. O. Prince, Jr., et ux., Defendants.**

**Civ. A. No. 963.**

United States District Court, E. D. Tennessee, Winchester Division.

Nov. 3, 1970.

See also D.C., 330 F.Supp. 376.

Thomas A. Pedersen, Asst. Gen. Counsel, Don Whitehead, T. V. A., Knoxville, Tenn., for plaintiff.

Pat B. Lynch, Joe R. Hickerson, Winchester, Tenn., for defendants.

**MEMORANDUM AND RECOMMITAL**

NEESE, District Judge.

The relator has interposed a timely objection to the report and award of the commission appointed herein to determine just compensation for the taking by the United States of a tract of land and certain easement rights over the

land of the landowners. In gist, the relator complains that the commission pretermitted any finding on its claim that the remainder of the landowners' tract has been enhanced by the project for which the landowners' rights were condemned.

Although the commission's report reviews thoroughly the testimony of the expert value witnesses and the legal principles upon which it relied in making its award, its ultimate finding is conclusory. It stated it was " * * * [a]pplying the foregoing legal principles to the facts developed by this record; in weighing the testimony of the witnesses in the light of reasonableness, dependability and quality, and further taking into account the personal inspection of the tracts by the Commission and balancing, weighing and considering all of this evidence * * * ", in making its award. This appears to be precisely encompassed by the rule stated by the Supreme Court, as follows:

> * * * The commissioners need not make detailed findings such as judges do who try a case without a jury. * * * But * * * [they should] * * * reveal the reasoning they use in deciding on a particular award, what standard they try to follow, which line of testimony they adopt, what measure of severance damages they use, and so on. We do not say that every contested issue raised on the record before the commission must be resolved by a separate finding of fact. We do not say that there must be an array of findings of subsidiary facts to demonstrate that the ultimate finding of value is soundly and legally based. The path followed by the commissioners in reaching the amount of the award can, however, be distinctly marked. * * *

United States v. Merz (1964), 376 U.S. 192, 198–199, 84 S.Ct. 639, 643, 11 L. Ed.2d 629, 634 (headnote 5), rehearing denied (1964), 376 U.S. 973, 84 S.Ct. 1131, 12 L.Ed.2d 87. The Court is " * * * forced to conclude that the Commissioners fell into the trap, suggested in *Merz,* of using their own expertise and not acting like a deliberative body applying constitutional standards. * * * " Government of Virgin Islands v. 2.6912 Acres of Land, C.A.3rd (1968), 396 F.2d 3, 5 [1].

This proceeding hereby is recommitted to the commission, with instruction, United States v. Merz, *supra,* 376 U.S. at 199–200, 84 S.Ct. 639, 11 L.Ed.2d at 635 (headnote 7); Rules 71A(h), 53(e) (2), Federal Rules of Civil Procedure, to reveal within 30 days herefrom distinctly the path they followed in reaching the amount of the award herein.

Other matters hereby are

Reserved.